PER CURIAM.
The plaintiff, Fairhope Yacht Club, Inc. (hereinafter referred to as “Fairhope”), appeals from a summary judgment entered for Johns Eastern Company, Inc. (hereinafter referred to as “Johns Eastern”), the last remaining defendant to the underlying action. Fairhope’s claims against Johns Eastern are premised upon Ala.Code 1975, § 27-10 — 2(b), which allows parties who lose money dealing with insurers who are not statutorily authorized to engage in the insurance business, to hold an insurance adjuster who had assisted the unauthorized insurer in the performance of the insurance contract in question vicariously liable for “loss[es] arising under [the] contract ... issued by [the] unauthorized insurer.” Ala.Code 1975, § 27-10-2(b). Johns Eastern filed a motion for summary judgment, arguing, among other things, that § 27-10-2(b) violates both the' Constitution of the United States and the Constitution of Alabama of 1901. The trial judge entered the summary judgment for Johns Eastern based solely on Johns Eastern’s constitutional arguments. Fairhope contends that the trial judge erred in holding § 27-10-2(b) unconstitutional. We agree.
In the very recent case of Custard Insurance Adjusters, Inc. v. Youngblood, 686 So.2d 211 (Ala.1996), this Court held that § 27-10-2(b) did not violate the Alabama Constitution, and in so doing it rejected arguments almost identical to those raised by Johns Eastern. The reasoning stated in Youngblood also disposes of the analytically analogous questions raised by Johns Eastern as to whether § 27-10-2(b) violates the United States Constitution.
Therefore, the summary judgment in favor of Johns Eastern is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, HOUSTON, KENNEDY, and INGRAM, JJ., concur.
BUTTS, J., concurs in the result.
HOOPER, C.J., and COOK, J., dissent.
SHORES, J., recuses.